Case 2:15-cr-00209-ILRL-SS   Document 22   Filed 10/28/15   Page 1 of 3



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-209 |
| VERSUS | * | SECTION: "B" |
| ANDREW HUTHCINSON | * | |

### FACTUAL BASIS

The defendant, **ANDREW HUTCHINSON** (hereinafter, the "defendant" or "**HUTCHINSON**"), has agreed to plead guilty as charged to the Bill of Information currently pending against him, charging him with receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). Should this matter proceed to trial, both the Government and the defendant, **ANDREW HUTCHINSON**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Bill of Information now pending against the defendant:

The Government would show that, at all times mentioned in the Bill of Information, **HUTCHINSON**, was a resident of the Eastern District of Louisiana and lived in Metairie, Louisiana.

The Government would further show that, at all times mentioned in the Bill of Information, Person A resided in the Seattle, Washington area and was born in December 2001.

The Government would further present competent testimony and evidence that in August 2014, Special Agents with the Federal Bureau of Investigation ("FBI") received information that a twelve-year-old male ("Person A") had produced and distributed sexually explicit images of

himself using his cellular phone and various messenger applications at the request of other individuals. Person A and his father provided consent for FBI agents to search Person A's cellular phone.

The Government would further present competent testimony and evidence, including the testimony of forensic examiners with the FBI, that a search of Person A's cellular phone revealed a detailed correspondence via the Kik Messenger application, a commonly used mobile chat application, between Person A and an individual with username "gopro98," subsequently determined to be **HUTCHINSON**. The conversation, in which approximately Person A and **HUTCHINSON** exchanged approximately 113 chat messages, took place between July 24, 2014, and July 27, 2014. Based on his correspondence with Person A, **HUTCHINSON** was aware that Person A was 12-years-old.

The Government would further present competent testimony and evidence, including the testimony of forensic examiners with the FBI, that **HUTCHINSON** requested, and received, approximately fifteen (15) sexually explicit images of Person A via the Kik Messenger application. In exchange, **HUTCHINSON** provided Person A with images of minor females as young as approximately five (5)-years-old and a link to an online cloud storage account that contained approximately 1766 images and 19 videos depicting minor females as least as young as approximately eighteen (18) months old. The images depicted the minors engaging in "sexually explicit conduct," as defined in Title 18, United States Code, Section 2256.

Forensic evidence consisting of medical testimony, testimony from law enforcement officers, and supporting documentation would establish that some of the victims depicted in the images and videos of were of real, identifiable victims, including pubescent and prepubescent children less than eighteen (18) years of age; to wit: less than eighteen (18)-months-old at the time

the child pornography was created. All of the images depicting the sexual victimization of minors possessed by the defendant would be introduced through the testimony of Special Agents with the FBI.

Further, the Government would present evidence that would establish that the sexually explicit images of Person A were sent to **HUTCHINSON** in interstate commerce, namely via computer.

Further, the Government would show through testimony and documentary evidence that the equipment used by the defendant to acquire the child pornography was transported in interstate or foreign commerce.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, the Special Agents and forensic examiners from the Federal Bureau of Investigation, other witnesses, documents and electronic devices in the possession of the FBI, and statements made by the defendant, **ANDREW HUTCHINSON**.

**APPROVED AND ACCEPTED:**

_____    10/28/15
ANDREW HUTCHINSON                       Date
Defendant

_____    10/28/15
JOHN HALL THOMAS, ESQ.                  Date
(Louisiana Bar No. 15056   )
Attorney for Defendant Hutchinson

_____    10-28-15
JORDAN GINSBERG                         Date
(Illinois Bar. No. 6282956)
Assistant United States Attorney